UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JACQUES DODSON, SR.** | **CIVIL ACTION** |
| **VERSUS** | |
| **WILLIAM EVERETT NICHOLS, ET AL.** | **NO. 22-00423-BAJ-SDJ** |

### ORDER

In this exceedingly vexatious lawsuit, Plaintiff alleges that Defendants committed federal civil RICO violations in connection with the foreclosure in 2009 and sheriff's sale in 2010 of Plaintiff's property—the subjects of at least two other lawsuits filed by Plaintiff against these same Defendants over the past eleven years. (Docs. 1, 19 at 7). The Court will *sua sponte* dismiss Plaintiff's case with prejudice as time barred.

The statute of limitations is four years for civil RICO claims and "does not accrue until a plaintiff discovers, or through reasonably diligent investigation should discover, the injury." *Petrobras Am., Inc. v. Samsung Heavy Indus. Co., Ltd.*, 9 F.4th 247, 253 (5th Cir. 2021) (citing *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 152 (1987)). In a November 16, 2013 letter to counsel for Defendant James Reichman, Plaintiff's then-attorney, Peggy M. H. Robinson, wrote, "[a]s you are aware Mr. Dodson has already filed suit alleging fraud mis-management, collusion and other tort actions including a 'rico' action all parties involved." [1] (Doc.

---

[1] The quotation faithfully reproduces the letter's language.

10-10 at 1). In a January 10, 2014 letter to counsel for Defendant Scott O. Brame, Ms. Robinson wrote, "my client is asking questions to me and others about a civil RICO suit." (Doc. 10-11 at 2). It is evident from these letters that Mr. Dodson knew about the possibility of a RICO claim at least ten years ago and likely well before that. His claims are therefore barred by the statute of limitations, and the Court *sua sponte* dismisses with prejudice Plaintiff's complaint. *See Degrate v. Hays*, 62 F.3d 393 (5th Cir. 1995) (approving district court's *sua sponte* dismissal of claims as time barred).

The defunct nature of Plaintiff's complaint would have been manifestly obvious to his current attorney, Kathleen M. Wilson, if she had conducted even the most cursory inquiry into its claims and legal contentions. *See* Fed. R. Civ. Proc. 11. Her obligation to do so was further enhanced by the complexity of the RICO statute. *See Chapman & Cole v. Itel Container Int'l B.V.*, 865 F.2d 676, 685 (5th Cir. 1989) ("[A]n attorney's responsibility to conduct a reasonable prefiling investigation is particularly important in RICO claims.").

Moreover, Ms. Wilson represented Plaintiff, (*See* Doc. 19-32), in connection with his 2020 Louisiana State Court lawsuit against the same parties over the same foreclosure and sheriff's sale which this Court remanded when the RICO allegation that formed the basis of the suit's removal was amended out of the complaint. *See Dodson v. Red River Bank*, No. CV 20-00290-BAJ-RLB, 2021 WL 806947, at *1 (M.D. La. Mar. 3, 2021) (Jackson, J.). In that *sua sponte* order, this Court remarked that "[t]he fact that Plaintiff has amended his petition to omit all RICO-related references and allegations obviously reinforces the Court's conclusion that this claim lacks any

foundation." *Id.* at *1 n.2. Those words should have served as a siren, loudly alerting Ms. Wilson and Mr. Dodson against filing this obviously frivolous and vexatious case. Their insistence on proceeding notwithstanding that and other warning signs necessitates careful consideration of the multiple motions for sanctions filed here, (Docs. 19, 22, 25), and renewed in substantial part at the motion hearing held on October 16, 2023.

Accordingly,

**IT IS ORDERED, ADJUDGED, AND DECREED** that this case be and is hereby *sua sponte* **DISMISSED WITH PREJUDICE** as time barred.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **TERMINATE** this matter.

**IT IS FURTHER ORDERED** that Jacques Dodson, Sr. be and is hereby **BARRED** from filing lawsuits in Federal Court. The Clerk of Court shall immediately notify a judge of this Court if Mr. Dodson seeks to file a lawsuit in this Court.

The multiple motions for sanctions, (Docs. 19, 22, 25), which elaborate in detail on Mr. Dodson's and Ms. Wilson's conduct, will be addressed separately.

Baton Rouge, Louisiana, this 1st day of November, 2023

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**